UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL HILL (#2014-0423301), ) | |
| ) | **Case No. 15 C 8862** |
| Pro Se Plaintiff, ) | |
| ) | JUDGE Amy J. St. Eve |
| v. ) | |
| ) | Magistrate Judge Brown |
| THE CITY OF CHICAGO DEPARTMENT ) | |
| OF POLICE, ET AL., ) | |
| ) | |
| Defendants. ) | JURY DEMAND |

**DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND
JURY DEMAND IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Detective Nicholas Cortesi and Sergeant Frank Ramaglia ("Defendants"), through one of their attorneys, Melissa F. Gold, Assistant Corporation Counsel, for their Joint Answer, Affirmative Defenses, and Jury Demand in response to Plaintiff's Amended Complaint, state as follows:

**STATEMENT OF CLAIM**

1. My name is Daniel Hill and I am a victim of an [sic] "False Arrest" and "False Imprisonment".

   **ANSWER**: Upon information and belief, Defendants admit that Daniel Hill is Plaintiff's legal name. Defendants deny the allegations of false arrest and false imprisonment contained in this paragraph. On October 23, 2015, Plaintiff was found guilty and convicted on the charges of his April 22, 2014 arrest: 720-570/401(A)(2)(A), 720-570/401(C)(1), 720-570/401(D)(I), and 720-570/401(g).

2. The City of Chicago Department of Police (Homan Square police station) arrested me and detain [sic] me without probable cause or no [sic] legal warrant.

   **ANSWER**: Defendants deny the allegations contained in this paragraph.

1

3. Factual Background: April 22, 2014 at approximately 9:30 p.m., I was at my residence with my family at 4845 W. Augusta Blvd., Chicago, IL.

   **ANSWER**: Upon information and belief, Defendants admit that Plaintiff was arrested on April 22, 2014, immediately outside of his residence at 4845 W. Augusta Blvd, Chicago, IL. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

4. I was not violating any laws or committing no [sic] crimes and so I was arrested on the scene and detain [sic].

   **ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was not violating any laws nor committing any crimes on April 22, 2014. Defendants admit Plaintiff was arrested on April 22, 2014, for previously witnessed illegal narcotics activity on April 21, 2014.

5. I decided to step on my porch to get some fresh air once standing on my porch I notice [sic] a blue impala unmark [sic] car in front of my residence.

   **ANSWER**: Defendants admit Plaintiff was standing on the outside porch of 4845 W. Augusta Blvd., Chicago, IL. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6. The chicago police detectives N. Cortesi and Sgt. F. Ramaglia sat inside the car watching me.

   **ANSWER**: Defendants deny the allegations contained in this paragraph.

7. So I went back inside my home and told my sister Brittane Gooden that it is two Detectives sitting in front of our home.

   **ANSWER**: Defendants deny the allegations contained in this paragraph.

8. About 20 minutes later the chicago police detectives enter [sic] the yard of private property and kick [sic] in my family front door of my residence without probable cause or legal warrant.

   **ANSWER**: Defendants deny the allegations contained in this paragraph.

9. Once Boguely [sic] inside my home both of the detectives N. Coresi and Sgt. F. Ramaglia had they [sic] weapons/guns out pointing at me and my sister Brittane Gooden.

   **ANSWER**: Defendants deny the allegations contained in this paragraph.

10. Britane Gooden ask [sic] them what is they [sic] problem, why did you kick in our door.

    **ANSWER**: Defendants deny the allegations contained in this paragraph.

11. Both Detectives N. Cortesi and Sgt. F. Ramaglia did not response [sic] to the question.

    **ANSWER**: Defendants deny the allegations contained in this paragraph.

12. So I ask them (police) [sic] what is the problem.

    **ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. I was in shock when I was taken down and put down like an animal on my floor and handcuff [sic].

    **ANSWER**: Defendants deny the allegations contained in this paragraph.

14. I ask [sic] the Detectives N. Cortesi and Sgt. F. Ramaglia why are you putting "cuff" on me, am I being arrested for something an [sic] one of the Detectives told me to "shut the fuck up."

    **ANSWER**: Defendants deny the allegation that Plaintiff asked why the Officers were putting handcuffs on him. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff asked the Officers why he was being arrested. Defendants deny the allegation that one of the Detectives told Plaintiff to "shut the fuck up."

15. Then I was dragged down the stairs of my residence and forced into a police car against my will.

    **ANSWER**: Defendants deny the allegation that Plaintiff was dragged down the stairs of his residence. Defendants admit, subsequent to Plaintiff's arrest, Plaintiff was placed into a police car by objectively reasonable force under the circumstances.

16. I was taking [sic] to Homan and Fillmore chicago police department unit and transfer to Harrison and Kedzia [sic] police station where I was told nothing until 7 ½ hour [sic] or 8 hours later why they came in my home without a warrant or probable cause.

    **ANSWER**:  Defendants admit that subsequent to arrest, Plaintiff was taken to Homan and Fillmore Chicago Police Department Unit and transferred to Harrison and Kedzie police station. Defendants deny the remaining allegations contained in this paragraph.

17. I or my family did not give no [sic] Chicago police detectives N. Cortesi and Sgt. F. Ramaglia no [sic] consent to enter or kick in my door.

    **ANSWER**:  Defendants deny the allegations contained in this paragraph, because Defendants never entered nor kicked in the door of Plaintiff's residence.

18. I lost a job, I lost my immediate family because of this false arrest and false imprisonment.

    **ANSWER**:  Defendants deny the allegations contained in this paragraph.

19. I was attending school at Malcolm X College for my GED and now, I lost that.

    **ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, but Defendants deny their actions caused any of the loss which Plaintiff claims.

20. I lost my life because the chicago police violated they [sic] own procedures.

    **ANSWER**:  Defendants deny the allegations contained in this paragraph.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. At all times relevant to Plaintiff's Amended Complaint, Defendants were government officials, namely police officers, who were performing discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed his or her actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. The Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in the alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. Defendants are not liable, under 42 U.S.C. § 1983, for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid. Plaintiff has not proven that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Defendants, therefore, cannot be held liable for Plaintiff's claims of false arrest nor false imprisonment. *Heck v. Humphrey,* 512 U.S. 477 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Skinner v. Switzer*, 562 U.S. 521, 522 (2011); *Ellis v. City of Chicago*, No. 13 CV 2382, 2016 WL 212489, at 6 (N.D. Ill. Jan. 19, 2016) (finding a false arrest claim challenges the validity of Plaintiff's state court conviction, thus not yet cognizable and is barred by *Heck*).

4. As to Plaintiff's state law claims, if any, Defendants are not liable because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City and its employees are immune from liability. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

5. As to Plaintiff's state law claims, if any, Defendants are not liable for any state-law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Defendants were acting within the scope of their employment.

6. As to Plaintiff's state law claims, if any, an employee or agent of the City is not liable for his or her act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. The act(s) and/or omission(s) of Defendants were not willful nor wanton. Therefore, Defendants are not liable to Plaintiff. Defendants used only that force which was objectively reasonable under the circumstances.

7. As to Plaintiff's state law claims, if any, Defendants are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

8. Any award of damages against the individual Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to his or her own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, at the time of the actions alleged in Plaintiff's Amended Complaint, 735 ILCS 5/2-1116 (2015) was in effect. This statute reduces a plaintiff's recovery according to his or her contributory negligence and bars his

or her recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

9. To the extent Plaintiff failed to mitigate any of his or her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his or her claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants respectfully demand a trial by jury for all issues so triable.

## CONCLUSION

Defendants respectfully request judgment in their favor and against Plaintiff on all counts and claims in the Amended Complaint, dismissal of the case with prejudice and costs, and such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Melissa F. Gold*
MELISSA F. GOLD
Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8364
(312) 744-6566 (FAX)
Attorney No. 6312904

6

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL HILL (#2014-0423301), | ) | |
| | ) | **Case No. 15 C 8862** |
| Pro Se Plaintiff, | ) | |
| | ) | JUDGE Amy J. St. Eve |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| THE CITY OF CHICAGO DEPARTMENT | ) | |
| OF POLICE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | JURY DEMAND |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:    Daniel Hill
ID #2014-0423301
2650 S. California Avenue
Chicago, Illinois 60608

**PLEASE TAKE NOTICE** that on this **29th day of January 2016**, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by U.S. Mail, postage pre-paid, to the person named above at the address shown this **29th day of January 2016.**

/s/ *Melissa F. Gold*
MELISSA F. GOLD
Assistant Corporation Counsel
